IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Danville Division

| | |
|---|---|
| SHEILA GUY, )<br>    Plaintiff )<br>)<br>v. )<br>)<br>CAROLYN W. COLVIN )<br>Acting Commissioner of Social Security, )<br>    Defendant. ) | Civil Action No. 4:13-cv-00034<br><br><br><br>By:    Joel C. Hoppe<br>United States Magistrate Judge |

**REPORT AND RECOMMENDATION**

**I. Introduction**

Plaintiff Sheila Guy asks this Court to review the Commissioner of Social Security's (the "Commissioner") final decision denying her application for Disability Insurance Benefits and Supplemental Security Income under Titles II and XVI of the Social Security Act. (ECF No. 3; *see also* Pl. Br. 2–3.) Guy primarily objects to the Administrative Law Judge's ("ALJ") decision that she maintains the residual functional capacity ("RFC") to perform her past relevant work as a data processer. (*See* Pl. Br. 8.) She argues that the ALJ made that decision without first eliciting evidence of the job's physical and mental demands, as binding agency policy requires. (*See* Pl. Br. 9–10.) Guy asks the Court to reverse the ALJ's decision and award her benefits, or, alternatively, to remand for further administrative proceedings. (Pl. Mot. Summ. J. 1.)

On March 31, 2014, the Commissioner filed an uncontested Motion to Remand under sentence four of 42 U.S.C. § 405(g). (ECF No. 20.) The Commissioner believes the ALJ should have an opportunity to clarify his RFC assessment, to gather additional evidence and reevaluate Guy's ability to perform her past relevant work, and, if warranted, to determine whether Guy can transition to other jobs in the national

economy. (*See* Def. Mot. to Remand 1–2.) She asks the Court to grant the motion and enter a judgment terminating Guy's civil action. (*See id.* 3.) Counsel for the Commissioner represents to the Court that counsel for Guy consented to the Motion to Remand. (*Id.* 2.)

This Court has authority to decide Guy's case under 42 U.S.C. § 405(g), and her case is before me by referral under 28 U.S.C. § 636(b)(1)(B). (ECF No. 17.) After reviewing the parties' motions and the applicable law, I recommend that this Court grant the Commissioner's uncontested Motion to Remand.

## II. Discussion

The Commissioner seeks a "sentence four" remand in this case. (*See* Def. Mot. to Remand 2.) The fourth sentence in 42 U.S.C. § 405(g) authorizes this Court to affirm, modify, or reverse the Commissioner's final disability determination with or without remanding the cause for further administrative proceedings. Before the Court can exercise that authority, however, it must determine whether the agency has discharged its duty to consider all evidence bearing on the applicant's disability claim. *See Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439 (4th Cir. 1997); *Justice v. Barnhart*, 431 F. Supp. 2d 617, 621 (W.D. Va. 2006). In this case, the Commissioner seeks remand so the ALJ can consider additional relevant evidence, and, if warranted, complete the five-step process for determining whether Guy is disabled. (*See* Def. Mot. to Remand 1.)

Considering the parties' joint position that the evidence in the record requires further development, I find that remand under sentence four is warranted. *See* 42 U.S.C. § 405(g); *Justice*, 431 F. Supp. 2d at 620. Therefore, I **RECOMMEND** that this Court **GRANT** the Commissioner's uncontested Motion to Remand (ECF No. 20), **REMAND**

the case for administrative proceedings consistent with the Commissioner's motion, and **DISMISS** the case from the Court's active docket.

## NOTICE TO PARTIES

Notice is hereby given to the parties of the provisions of 28 U.S.C. § 636(b)(1)(C):

> Within fourteen days after being served with a copy [of this Report and Recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

Failure to file timely written objections to these proposed findings and recommendations within 14 days could waive appellate review. At the conclusion of the 14 day period, the Clerk is directed to transmit the record in this matter to the Honorable Jackson L. Kiser, Senior United States District Judge.

The Clerk shall send a copy of this Report and Recommendation to all counsel of record and any unrepresented party.

ENTERED: April 1, 2014.

Joel C. Hoppe
United States Magistrate Judge